UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE
COMPANY, et al.,

        Plaintiffs,

v.

ORTHOPEDIC, P.C., et al.,

        Defendants.
                                /

Case No. 2:18-cv-10193

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**DENYING DEFENDANTS' MOTION TO DISMISS AND TO STRIKE [23]**

On January 17, 2018, Plaintiffs Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Property and Casualty Insurance Company (collectively "Allstate") filed a complaint against eleven defendants. ECF 1.[1] On April 16, 2018, Defendants Dr. Muhammad Awaisi, Dr. Grace Patterson, Dr. Kevin Crawford, Orthopedic, P.C., and US Healthcare MI, P.C. (collectively "Awaisi Defendants") filed a motion to dismiss multiple counts and to strike specific allegations from Allstate's complaint. ECF 23. On April 17, 2018, Awaisi Defendants filed an answer. ECF 29. The Court has reviewed the briefs and finds that a hearing

---

[1] Defendants Standard Care, Inc., Optimum Health, P.C., Convenient Ride, LLC, and Michael Daneshvar, D.P.T. answered the complaint. ECF 22. Defendant Pontiac Labs, LLC defaulted. *See* ECF 41. Allstate and Defendant Oakland Physicians Medical Center, LLC d/b/a Pontiac General Hospital ("PGH") stipulated to PGH's dismissal. ECF 69.

1

is unnecessary. *See* E.D. Mich. LR 7.1(f). For the reasons below, the Court will deny Awaisi Defendants' motion to dismiss and to strike.

## BACKGROUND

Allstate alleged that Defendants participated in a scheme to defraud it by submitting medical bills for unnecessary or unreasonable medical treatments. Allstate summarized the relevant facts in its response brief. *See* ECF 32, PgID 1357–60. Allstate brought claims alleging Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), committed common law fraud, engaged in a civil conspiracy, caused payment under mistake of fact, and were unjustly enriched. ECF 1, PgID 267–75. Allstate also seeks declaratory relief. *Id.* at 276–77.

## STANDARD OF REVIEW

I. <u>Rule 12(f) Standard</u>

Rule 12(f) permits a federal court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "A court has liberal discretion to strike such filings as it deems appropriate." *Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d 1007, 1012 (E.D. Mich. 2014) (citation and internal marks omitted). Despite courts' discretion, "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). A court should strike a matter if it "can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation *and prejudicial* to the objecting party." *Jackson v. Broughton*,

No. 09–11438, 2010 WL 2993993, at *1 (E.D. Mich. July 28, 2010) (citation omitted) (emphasis in original).

An immaterial matter is one "which has no essential or important relationship to the claim for relief." *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014) (citation omitted). An impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). Finally, a scandalous matter "generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Id.* (quoting *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003)).

II. <u>Rule 12(b)(6) Standard</u>

When analyzing a motion to dismiss under Rule 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual allegations, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). To survive a motion to dismiss, "the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Nat'l Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted). Plaintiff must "allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," then the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

I. <u>Motion to Strike</u>

Awaisi Defendants move to strike paragraphs 114–44, 147–53, 155–64, 191–96, 213–20, 226, and 236–40 from Allstate's complaint. *See* ECF 23, PgID 897.

*A. Non-Awaisi Defendant Allegations.*

Awaisi Defendants move to strike allegations related to a non-moving co-defendant and three non-parties. First, Awaisi Defendants move to strike paragraphs 236–40, which relate to Dr. Daneshvar. *See* ECF 23, PgID 897. Awaisi Defendants maintain that the "only possible reason Plaintiffs included the[ir] highly prejudicial allegations is to convince the Court that Dr. Daneshvar is a terrorist." *Id.* at 912. Dr. Daneshvar answered the complaint and did not move to strike the allegations. *See* ECF 22.

Second, Awaisi Defendants move to strike paragraphs 148–50, which describe non-party Dr. James Beale's alleged disciplinary history. *See* ECF 1, PgID 25. Third, Awaisi Defendants move to strike paragraphs 151–53, which describe federal criminal proceedings against non-party Dr. Walayat Khan. *See id.* at 26. Finally, Awaisi Defendants move to strike paragraphs 155–58, which describe federal civil proceedings against non-party Dr. Saleem Bin Shakoor. *See id.* at 26–27.

4

As "the objecting party," Awaisi Defendants must show that the allegations are "prejudicial" to them. *Jackson*, 2010 WL 2993993, at *1 (citation omitted). The Court cannot "confidently conclude that the portion of the pleading" related to Dr. Daneshvar and non-parties is prejudicial to the Awaisi Defendants. *Id.* The Court declines to exercise its discretion and will not strike paragraphs 148–53, 155–58, or 236–40.

### B. *Dr. Awaisi's Disciplinary History.*

Awaisi Defendants seek to strike allegations related to Dr. Awaisi's disciplinary history because they are "inflammatory, irrelevant, and salacious." ECF 23, PgID 910. Allstate argues that the allegations "are precisely the types of actions that are alleged to have been used to victimize Allstate (and its insureds)" in the complaint. ECF 32, PgID 1384–85. The Court is not confident that the allegations are both irrelevant to Allstate's claims and prejudicial to Dr. Awaisi. At trial, Dr. Awaisi may challenge Allstate's efforts to introduce evidence that he believes is prejudicial and irrelevant under the relevant Federal Rule of Evidence. The Court declines to exercise its discretion and will not strike paragraphs 114–39 or 159–64.

### C. *Dr. Ram Gunabalan's Allegations.*

Awaisi Defendants also move to strike paragraphs referencing non-party Dr. Ram Gunabalan's affidavit. ECF 23, PgID 911. Awaisi Defendants maintain that Dr. Gunabalan's affidavit does not mention Awaisi Defendants and is not relevant to the alleged scheme to defraud Allstate. *Id.* Even if the allegations are irrelevant, Awaisi Defendants fail to show that the allegations are prejudicial to them. *See Jackson*,

5

2010 WL 2993993, at *1. The Court therefore declines to exercise its discretion and will not strike paragraphs 139–44, 147, or 191–96.

*D. Dr. Grace Patterson's Exam Results and Board Certification.*

Awaisi Defendants next move to strike allegations related to Dr. Patterson's certification efforts and a concierge service provided to her patients. ECF 23, PgID 912. Awaisi Defendants argue that the alleged conduct is not "illegal or even improper" and is not "related in any way to the insurance fraud scheme alleged in the Complaint." *Id.* Awaisi Defendants do not show that the irrelevant allegations are also prejudicial to Dr. Patterson. *See Jackson*, 2010 WL 2993993, at *1. The Court declines to exercise its discretion and will not strike paragraphs 213–20.

*E. Dr. Kevin Crawford's Separate Litigation with Allstate*

Finally, Awaisi Defendants move to strike a paragraph about Dr. Crawford's litigation with Allstate in a separate case. ECF 23, PgID 913. Awaisi Defendants claim that the allegation is "scandalous and immaterial." *Id.* Paragraph 226 states

> Like US Healthcare, Summit [a physicians group owned by Dr. Crawford] solicited patients who were involved in alleged motor vehicle accidents and used a predetermined treatment protocol to submit the highest possible amount of damages for No-Fault benefits to Allstate. *See* Allstate Insurance Co., *et al.* v. Summit Physicians Group, PLLC, *et al.*, 16-cv-13657-BAF-DRG.

ECF 1, PgID 39–40. Awaisi Defendants claim that Allstate "include[d] [the] reference to this other lawsuit as 'evidence' of Dr. Crawford's participation in the alleged fraudulent scheme." ECF 23, PgID 913. As Awaisi Defendants recognize, allegations

6

in a complaint are not evidence, but are "just that: **allegations**." *Id.* (emphasis in original).

The allegation described above neither "unnecessarily reflects on the moral character" of Dr. Crawford nor uses "repulsive language" detracting from the dignity of the Court. *See Llewellyn-Jones*, 22 F. Supp. 3d at 776. The allegation is therefore not scandalous. Further, Awaisi Defendants provide no support for their conclusion that the allegation is immaterial. The Court will not strike paragraph 226.

II. Motion to Dismiss

Awaisi Defendants ask the Court to abstain from considering Allstate's claim for declaratory relief and move for Allstate's RICO claims to be dismissed pursuant to *Jackson v. Sedgwick Claims Mgmt. Servs., Inc.*, 731 F.3d 556 (6th Cir. 2013) (en banc).

*A. Abstention Doctrines.*

Awaisi Defendants propose five bases for the Court to abstain from deciding Allstate's claim for declaratory relief. None is convincing.

1. *Covenant*[2] and abstention.

Awaisi Defendants argue that, if the Court grants Allstate's request for declaratory relief, "all unpaid bills do not have to be paid, [and] th[e] Court will have unfairly determined the rights of insureds who are not parties to th[e] case" which would be inconsistent "with the ruling of the Michigan Supreme Court in *Covenant*." ECF 23, PgID 919–20. But Awaisi Defendants do not identify an abstention doctrine

---

[2] *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191 (2017).

7

that supports their *Covenant* argument. *See generally id.* at 918–20. Moreover, Allstate requests a declaratory judgment that Defendants: "cannot balance bill or otherwise seek payment from *any person insured* under an Allstate policy or for whom Allstate is the responsible payor[.]" ECF 1, PgID 267 (emphasis added). Awaisi Defendants' underdeveloped and unsupported argument about the Michigan Supreme Court's *Covenant* decision fails to show that Allstate did not state a claim to declaratory judgment relief that is plausible on its face.

2. The other abstention doctrines.

Awaisi Defendants also ask the Court to abstain based on *Burford, Colorado River*, *Wilton* and *Brillhart*, and *Scottsdale*.[3] *See* ECF 23, PgID 920–928. Awaisi Defendants used an identical motion from a different case in the District. *Compare* ECF 23, PgID 920–28 *with State Farm Mut. Auto. Ins. Co. v. Vital Cmty. Care, P.C.*, 4:17-cv-11721, [hereinafter "*Vital Community Care*"] (E.D. Mich. 2017) ECF 21, PgID 344–53.[4]

In *Vital Community Care*, Judge Linda Parker thoroughly analyzed why the abstention doctrines did not apply. *See Vital Community Care*, No. 17-11721, 2018

---

[3] *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976); *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008).

[4] Defense counsel representing Awaisi Defendants also represented the moving defendants in *Vital Community Care*.

WL 2194019, at *4–*5.[5] State Farm had sued various medical-service providers for an alleged fraudulent scheme. *Id.* at *1. State Farm claimed the defendants violated RICO and sought declaratory relief against them. *Id.*

Awaisi Defendants presumably used the same brief in this case as the defendants in *Vital Community Care* because of the similarity of fact issues and legal allegations. But Judge Parker decided the issue in *Vital Community Care* shortly after the brief was filed here. The Court agrees with and adopts Judge Parker's persuasive analysis, and declines to apply the abstention doctrines relied on by Awaisi Defendants.

*B.* Jackson v. Sedgwick *Argument.*

Awaisi Defendants also argue that Allstate's RICO claims must be dismissed pursuant to the Sixth Circuit's decision in *Jackson v. Sedgwick*. Again, Awaisi Defendants' argument related to *Jackson v. Sedgwick* is copied from the defendants'

---

[5] Awaisi Defendants objected to Allstate's filing a notice of supplemental authority without leave of the Court. *See* ECF 36, PgID 1423–24. The Court agrees that, in the future, Allstate must seek leave when required by the Local Rules.

Awaisi Defendants further argue that Allstate filed the notice "for the improper and misleading purpose of giving this Court the impression that the decisions in *State Farm v. Vital Community Care, et al.*," somehow binds the Court and aver that *Vital Community Care* "involves completely different parties, fact-specific allegations," and State Farm's complaint lacked scandalous materials. ECF 36, PgID 1423–24.

The Court does not credit their argument for three reasons. First, a notice of supplemental authority does not mislead the Court about whether an opinion is binding. Second, Awaisi Defendants used a motion to dismiss in this case that is materially identical to the *Vital Community Care* defendants' motion to dismiss, which suggests that the parties and fact-specific allegations are similar. Third, whether Allstate included scandalous material in a complaint does not relate to a Rule 12(b)(6) analysis of the sufficiency of that complaint.

9

brief in *Vital Community Care*. *Compare* ECF 23, PgID 928–32 *with Vital Community Care*, ECF 21, PgID 364–69.[6]

In *Vital Community Care*, Judge Parker persuasively explained why *Jackson v. Sedgwick* does not require dismissal of RICO claims materially indistinct from the ones alleged here. *See Vital Community Care*, 2018 WL 2194019, at *6. Awaisi Defendants' use of the defendants' brief from *Vital Community Care* implies that the legal issues are identical here. The Court agrees with and adopts Judge Parker's analysis, and rejects Awaisi Defendants' argument.

Awaisi Defendants' copied-and-pasted arguments from other similar cases in the District fail. The Court (1) declines to abstain from considering Allstate's request for a declaratory judgment and (2) determines that Awaisi Defendants fail to show that Allstate's complaint does not state a plausible claim to relief, as required by Rule 12(b)(6).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss and to strike [23] is **DENIED**.

---

[6] Granted, in the brief here, Awaisi Defendants substituted "Plaintiff" for "State Farm." And the *Vital Community Care* brief included two paragraphs not copied into Awaisi Defendants' brief. *See Vital Community Care*, ECF 21, PgID 367.

**IT IS FURTHER ORDERED** that Awaisi Defendants shall **FILE** an amended answer and respond to the contested allegations no later than **April 8, 2019**.

**SO ORDERED**.

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: March 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager